PROB 12C
(NCW Rev. 2/04)

# UNITED STATES DISTRICT COURT
## for the
## Western District of North Carolina

### Petition for Warrant or Summons for Offender Under Supervision

JUN 22 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

**Name of Offender:** **Tyrus Sanders**  Case Number: 3:95 CR 00075-020

Name of Sentencing Judicial Officer: The Honorable Richard L. Voorhees, U.S. District Judge

Date of Original Sentence: 2/16/96   Register Number: 12013-058   PACTS Number: 2310

Original Offense: 21USC 846 Conspiracy to violate narcotic laws (crack)

Original Sentence: 120 Months in the US Bureau of Prisons to run concurrently with any state sentence to which defendant is now subject; followed by 5 years supervised release. $2,000 fine ($1,925 balance); $2,406.25 attorney fees ($2,406.25 balance); $50 assessment (paid in full).

Type of Supervision: Supervised Release   Date Supervision Commenced: 1/24/05

Asst. U.S. Attorney: Gretchen C. F. Shappart   Defense Attorney: Allen Boyer

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

**BOND RECOMMENDATION:** $10,000 unsecured

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **DRUG/ALCOHOL USE (Date violation concluded: 6/11/05).** The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician," in that, Mr. Sanders tested positive for the use of cocaine on 4-22-05 and admitted using cocaine on 5-5-05, 5-7-05, 6-1-05 and 6-11-05. Mr. Sanders also missed code-a-phone drug test on 5-6-05, 5-10-05 and 6-11-05. (Grade C) |

2  **FAILURE TO COMPLY WITH DRUG TESTING / TREATMENT REQUIREMENTS (Date violation concluded: 6-10-05).**
The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic tests thereafter for use of any controlled substance, subject to the provisions of 18 U.S.C. § 3563(a)(4) or 18 U.S.C. § 3583(d), respectively," in that, Mr. Sanders was terminated from drug treatment at New Beginnings in Gastonia, NC on 6-10-05 for non-compliance with program rules. (Grade C)

U.S. Probation Officer Recommendation:

[X]  The term of supervision should be
    [X]  revoked.
    [ ]  extended for years, for a total term of years.

[ ]  The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

by  Russell S. Craig
U.S. Probation Officer
704-350-7649
Date: 6-17-05

---

THE COURT ORDERS

[ ]  No Action
[✓]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

Date: 6/20/05

**OFFENDER CHARACTERISTICS:**

Family: Mr. Sanders has resided with his grandmother at 706 W. Alabama Ave., Bessemer City, NC since his release.

Employment: Mr. Sanders is currently unemployed having reported that he quit his last place of employment Atkinson International Incorporated in Gastonia, NC.

Financial: Mr. Sanders has no reported income.

Health: The defendant has no known health problems.

Treatment Expenditures: Since the commencement of supervision, the U.S. Probation Office has paid a total of $70 as of 4-30-05 on substance abuse treatment for this defendant.

Prior Record: Attached is Part B of the Presentence report outlining this defendant's prior record.

**STATUTORY PROVISIONS:**

If the Court finds that the defendant has violated the conditions of his supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class A Felony, the defendant cannot be required to serve more than five years in prison, pursuant to 18 U.S.C. § 3583(e)(3).

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing or as part of drug testing, tests positive for illegal controlled substances more than 3 times in 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by statute. However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states "...The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the USSC guidelines from the rule of 18 U.S.C. § 3583(g), when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under Subsection 18 U.S.C. § 3583(e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

**GUIDELINE PROVISIONS:**

The violations listed are Grade C violations pursuant to 7B1.1(a)(3). According to 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. The Revocation Table at 7B1.4(a) provides for a guideline range of 8-14 months imprisonment for a Grade C violation with a criminal history category of VI.

The Policy Statement of 7B1.3(e) also recommends that the sentence of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b)

other than time resulting from the supervised release warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 6-12 months.

Pursuant to 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 17 day of June, 2005.

Russell S. Craig
U.S. Probation Officer
704-350-7649

Approved by:

Keith S. Snyder II
Supervising U.S. Probation Officer
704-350-7653

cc:	AUSA
	Defense Counsel

Adult Criminal Conviction(s)

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/Disposed | Guideline | Pnt |
|---|---|---|---|---|---|
| 89. | 6-15-93 (age 16) | (1) Breaking and Entering (2) Larceny (3) Possession of Stolen Goods Dkt. #94CRS373; NC Superior Court Gastonia, NC | 4-13-94; (1) 2 years impr, susp, 5 years supervised probation, 25 hours community service in 90 days, $1,380 restitution (2) 2 years impr consecutive with (1), susp, 5 years supervised probation 4-29-94; (3) voluntarily dismissed 1-3-95; Probation modified, 6 months intensive probation, curfew, serve 1 day active. 3-13-95; Probation revoked, 2 years imprisonment, each count consecutive. | 4A1.1(a) | 3 |

Court documents allege that on 5-15-93 and 5-16-93, the defendant broke into A. B. Racing, Cherryville, N. C., and stole property having a value of $4,000. Probation was modified for the following violations: monetary arrearages; missed appointments; failure to contact community service office; failure to attend prison tour. Probation was revoked for failure to keep appointments and numerous curfew violations. He was represented by counsel.

| # | Date | Offense | Disposition | Guideline | Points |
|---|---|---|---|---|---|
| 90. | 11-23-93 (age 17) | (1) Resisting/ Obstructing an Officer Dkt. #93CR27021; (2) Reckless Driving To Endanger Dkt. #93CR27037; (3) Driving While License Revoked Dkt. #93CR27038; NC District Court Gastonia, NC | 7-27-94; (1) 48 hrs impr, susp, 5 yrs unsupervised probation (2) and (3) voluntarily dismissed | 4A1.1(c) | 1 |

Court documents allege that on 11-5-93, the defendant ran from and refused to talk to a Bessemer City Police Officer while said officer was conducting a traffic investigation. He was represented by counsel.

| # | Date | Offense | Disposition | Guideline | Points |
|---|---|---|---|---|---|
| 91. | 8-5-94 (age 17) | Assault With a Deadly Weapon Inflicting Serious Injury Dkt. #94CRS19785; NC Superior Court Gastonia, NC | 5-10-95; 3 yrs impr | 4A1.1(a) | 3 |

Court documents allege that on 7-29-94, the defendant used a Chrysler LeBaron Coupe to assault Steven Walters by attempting to hit the victim with said automobile, then exiting the car and assaulting him by striking and kicking the victim repeatedly about the head and body resulting in serious injury requiring emergency medical treatment. He was represented by counsel.

| # | Date | Offense | Disposition | Guideline | Points |
|---|---|---|---|---|---|
| 92. | 12-17-94 (age 18) | Unauthorized Use of a Motor Vehicle Dkt. #94CR32328; NC District Court Gastonia, NC | 4-4-95; 18 mos impr | 4A1.1(a) | 3 |

He was originally charged with Possession of Stolen Goods. Court documents allege that on 9-25-94, the defendant had in his possession a stolen 1991 Ford Ranger pickup truck belonging to Timothy Billings. He was represented by counsel.

| | | | | |
|---|---|---|---|---|
| 1-23-95<br>(age 18) | (1) Possession of Stolen Goods<br>Dkt. #95CR1938;<br>(2) Carrying a Concealed Weapon<br>Dkt. #95CR1939;<br>NC District Court<br>Gastonia, NC | 4-4-95;<br>(1) voluntarily dismissed<br>(2) 18 mos impr consolidated with Dkt. #94CR32328 | 4A1.1(a) | 3 |

Court documents allege that on 1-23-95, the defendant carried about his person, while off his premises, a concealed stolen Lorcin 9mm semi-automatic handgun. He waived court-appointed counsel.

Criminal History Computation

93. The criminal convictions above result in a subtotal criminal history score of 13.

94. At the time the instant offense was committed, the defendant was on probation. Pursuant to U.S.S.G. § 4A1.1(d), two points are added.

95. The total of the criminal history points is 15. According to the sentencing table at U.S.S.G. Chapter 5, Part A, 15 criminal history points establish a criminal history category of VI.

Other Arrests

| | Date of Offense | Charge | Location | Disposition |
|---|---|---|---|---|
| 96. | 7-3-92 | Intoxicated and Disruptive | Gastonia, NC | 7-6-92; voluntarily dismissed |
| 97. | 5-16-93 | Breaking and Entering and Larceny | Gastonia, NC | 11-24-93; voluntarily dismissed |
| 98. | 10-9-93 | Motorcycle/ Moped Helmet Violation | Gastonia, NC | 11-3-93; waived, paid cost |
| 99. | 7-9-94 | Possession of Drug Paraphernalia | Shelby, NC | 8-15-95; voluntarily dismissed with leave |

17

| 100. | 8-25-94 | (1) Driving While License Revoked (2) Resist Public Officer (3) Carrying a Concealed Weapon | Shelby, NC | 5-18-95; voluntarily dismissed with leave |
| 101. | 3-2-95 | Assault | Gastonia, NC | 4-4-95; voluntarily dismissed |